11-4696-cv
McAllister v. Smith Barney/Citigroup Global

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand twelve.

Present: PIERRE N. LEVAL,
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
*Circuit Judges*,

_____

Angela D. McAllister,
*Plaintiff-Appellee,*

v.                                             No. 11-4696-cv

Smith Barney/Citigroup Global Markets Inc.,
Citigroup Inc., Patricia Balenzentis, Kristen
King, Michelle Green, Andrew Smith,
Andrew Grillo, Brad Barber, and Citigroup
Global Markets Inc.,
*Defendants-Appellants*,

Robert East,
*Defendant.*

_____

For Plaintiff-Appellee:     Angela D. McAllister, *pro se*, Bridgeport, CT.

For Defendants-Appellants:  Ira G. Rosenstein, Morgan, Lewis & Bockius LLP, New York, NY.

_____

Appeal from the order of the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the matter is **REMANDED** to the district court for further proceedings.

Defendants appeal from the district court's denial of their motion to stay litigation and to compel arbitration of *pro se* Plaintiff Angela D. McAllister's employment discrimination action. Her suit alleges violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. We assume the parties' familiarity with the underlying facts and procedural history.

We have jurisdiction over defendants' appeal pursuant to the Federal Arbitration Act, which allows interlocutory appeal from a district court's denial of a motion to compel arbitration. *JLM Indus. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004).

Defendants contend the district court erred in concluding that they had failed to show sufficiently that, when the defendants introduced the arbitration requirement through the employee handbook in 1993, McAllister was an at-will employee. If McAllister had contract rights that were not compatible with the employer's general arbitration requirement, then the defendants' efforts to impose the arbitration requirement was not enforceable under Connecticut law.

In support of the motion to compel arbitration, defendants proffered the affidavit of Eugene Clark, an attorney in defendants' employment office, stating that McAllister had been an at-will employee since she was hired in 1991. In opposition, McAllister stated that she had never been an at-will employee. Neither side offered any further evidence on the question.

While whether the parties have reached a contractual agreement is a question of fact, whether a person is an at-will employee is a conclusion of law and, therefore, not within the competence of a fact witness. *See Stevenson Lumber Co.-Suffield, Inc. v. Chase Assocs., Inc.*, 932 A..2d 401, 408-09 (Conn. 2007). The conflicting statements by McAllister and the defendants' witness on whether McAllister was an at-will employee had no evidentiary value. The question whether McAllister had contractual rights could have been established by various forms of evidence, including, for example, by testimony or documentary evidence establishing whether the employer made promises or representations in connection with McAllister's employment. But neither party provided any such evidence.

We think it best to remand to the district court, pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), for the district court to solicit competent evidence on whether McAllister had an employment contract, either express or implied, and, if so, what its terms were, when defendants instituted the arbitration requirement, and for the district court to make findings based on such competent evidence. On that basis, the district court should either reissue its order denying arbitration, or compel arbitration, depending whether it finds that McAllister had contractual rights that were contravened by the imposition of the arbitration requirement.

Any party aggrieved by a future order either compelling or denying arbitration may restore this appeal before this panel by a letter to the Clerk of Court, within 10 days of the date of the order appealed from.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK