McAllister v. Smith Barney/Citigroup Global Markets Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand fifteen.

**PRESENT:**
> **PIERRE N. LEVAL,**
> **ROSEMARY S. POOLER,**
> **BARRINGTON D. PARKER,**
>   *Circuit Judges.*

_____

**Angela D. McAllister,**

> *Plaintiff-Appellee,*
>
>  **v.**               **11-4696**

**Robert East,**

> *Defendant*,

**Smith Barney/ Citigroup Global Markets Inc.,**
**Citigroup Inc, Patricia Balenzentis, Kristen King,**
**Michelle Green, Andrew Smith, Andrew Grillo,**
**Brad Barber, Citigroup Global Markets Inc.**

> *Defendants-Appellants*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | Angela D. McAllister, pro se, Bridgeport, CT. |
| **FOR DEFENDANT-APPELLANTS:** | Ira G. Rosenstein, Morgan, Lewis & Bockius LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This case returns to us following a remand pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), in which we instructed the district court to solicit competent evidence as to whether Plaintiff Angela McAllister, pro se, had an employment contract with the Defendants and, if so, what the terms of that contract were when the Defendants instituted a mandatory arbitration requirement. *See McAllister v. Smith Barney/Citigroup Global Mkts. Inc.*, 504 F. App'x 55, 56 (2d Cir. 2012). On remand, the district court found, based on McAllister's 1991 employment application, that her employment had always been at-will. The court further held that, as an at-will employee, McAllister's continued employment after the amendment of the Defendants' employee handbook constituted her acceptance to the new terms in the handbook, including a mandatory arbitration provision. On that basis, the district court granted the Defendants' motion to compel arbitration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under the framework established by the Federal Arbitration Act, a district court generally must compel arbitration upon determining that a contractually valid arbitration agreement exists under the relevant state law and that the parties' dispute falls within the scope of that agreement. *See Cap Gemini Ernst & Young, U.S., LLP v. Nackel*, 346 F.3d 360, 364−65 (2d Cir. 2003). We review de novo the district court's decision to compel arbitration. *Id.* at 65. "The determination of whether parties have contractually bound themselves to arbitrate a dispute—a determination

involving interpretation of state law—is a legal conclusion also subject to *de novo* review." *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 26 (2d Cir. 2002).

McAllister first argues that the district court on remand improperly limited her discovery by preventing her from obtaining from the Defendants documents consisting of a signed arbitration agreement or an employment contract. It has always been the Defendants' position that no such documents existed. McAllister herself conceded that no written employment contract existed when she represented to the district court that there was "no factual evidence of any kind linking her to a contractual employment agreement." Moreover, although the Federal Arbitration Act requires an arbitration clause to be set forth in writing, it does not require that writing to be signed. *See* 9 U.S.C. § 2; *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 846 (2d Cir. 1987) ("[I]t is well-established that a party may be bound by an agreement to arbitrate even absent a signature."). In addition, in Connecticut, the terms of employment also may be determined even in the absence of an express written agreement. *See Torosyan v. Boehringer Ingelheim Pharmaceuticals*, 234 Conn. 1, 13 (1995). Thus, because neither a signed arbitration agreement nor a written employment contract was necessary to reach a conclusion that a contractual relationship existed or that the arbitration agreement was binding, the district court did not abuse its discretion when it did not require Defendants to disclose nonexistent evidence. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 147 (2d Cir. 2010) (district court decision to impose default as a discovery sanction reviewed for abuse of discretion).

Under Connecticut law "all employer-employee relationships not governed by express contracts involve some type of implied 'contract' of employment," the contents of which are determined by an examination of "the factual circumstances of the parties' relationship . . . in light

3

of legal rules governing unilateral contracts." *Torosyan*, 234 Conn. at 13. Here, as the district court found, the factual circumstances demonstrate that McAllister's employment was at-will since its inception, as shown by her 1991 employment application and her failure to introduce evidence suggesting that her employment status changed between her 1991 hiring and the time the Defendants instituted the arbitration requirement in 1993 by including it in a revised employee handbook. The only remaining issue, therefore, is whether McAllister validly accepted the modification to her original unilateral contract, which, at the time she was hired in 1991, did not include a mandatory arbitration requirement. In Connecticut, the issuance of an employee handbook containing terms different from the original implied unilateral contract "constitute[s] an offer to modify the preexisting terms of employment by substituting a new implied contract for the old." *Torosyan*, 234 Conn. at 14. To become enforceable, the proposed modifications, "like the original offers, must be accepted." *Id.*

We conclude that the arbitration provision in this case is enforceable against McAllister. First, the fact that McAllister continued to work for the Defendants or their predecessor entities for approximately fifteen years following the first promulgation of the new employee handbook containing the arbitration clause is undoubtedly "relevant to determining whether . . . she consented" to the modification of her original contract. *Id.* at 19. Second, the Defendants introduced two computer screenshots which state that McAllister electronically "accepted the Employee Handbook" in 2006, 2007, and 2008. This additional evidence, coupled with the fact that McAllister continued to work after receiving the handbooks, is sufficient to demonstrate her consent to the terms of the new handbook and its arbitration requirement. *See Torosyan*, 234 Conn. at 19–20; *see also* Conn. Gen. Stat. §1-272(b) ("A contract may not be denied legal effect or

4

enforceability solely because an electronic record was used in the formation of the contract.");

*Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 453 (2d Cir. 1995) (concluding, in light of "Connecticut's strong policies favoring arbitration," that Connecticut courts would find that "where the agreement to arbitrate is integrated into a larger unitary contract, the consideration for the contract as a whole covers the arbitration clause as well." (internal quotation omitted)). Although McAllister contends that she has no knowledge of receiving or opening the emails containing the employee handbook, that assertion is belied by the screenshots, which state that she received and read at least one of the emails in March 2006. Moreover, given the Defendants' evidence that McAllister received and accepted the employee handbooks, she may not defeat the motion to compel arbitration by resting on her bare denials that she did not receive the handbooks, but instead "must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995). This she has not done.

We have considered all of McAllister's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk